UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ASIN AKIL HANIF,
    Plaintiff,

v.    Case No. 3:07-CV-0880 (PCD)

COMMUNITY SOLUTIONS, ET AL.,
    Defendants.

### RULING ON STATE DEFENDANTS' MOTION TO DISMISS

The Defendants State of Connecticut Department of Children and Families ("DCF") and three DCF staff employees, Lind Remmele, Jamie LeHane, and Arnold Trasente, in their official capacities (hereinafter "State Defendants"), move to dismiss all claims against them pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Asin Akil Hanif, proceeding *pro se,* has not opposed this motion, despite being granted an extension of time to file his opposition. For the reasons stated herein, Defendants' Motion to Dismiss [Doc. No. 5] is **granted.**

### I. BACKGROUND

Plaintiff Hanif is a black, African male who is a citizen of the United States and who was hired in January 2001 as an assistant program director by Defendant Community Solutions, Inc. ("CSI"), a nonprofit organization delivering supervision, treatment, and individualized services to socially disadvantaged adults and juveniles. (Compl. ¶ 1, 2.) In May 2003, Hanif was promoted to a program director. (Id. ¶ 5.) On March 1, 2006, Hanif was informed that the Kellogg House Emergency Shelter program, where Hanif supervised thirteen employees, would be closed. (Id. ¶ 7.) As a result of the closing, Hanif and all but one of his support staff were laid off. (Id. ¶ 8.) The only employee who was transferred to another location rather than being laid

off was the only Caucasian employee at Kellogg House at the time of its closing. (Id. ¶¶ 9-11.) Plaintiff Hanif was repeatedly denied the opportunity to be transferred to a comparable decision with CSI because of his race and because he had previously opposed what he reasonably deemed to be unlawful race discrimination. (Id. ¶¶ 12-22.)

On January 31, 2003, Plaintiff filed a race discrimination claim with the Connecticut Commission on Human Rights and Opportunities ("CHRO") based on Defendant CSI's repeated failure to promote Plaintiff, and on March 7, 2007, the CHRO issued a Release of Jurisdiction letter, allowing Plaintiff to commence these proceedings. (Compl. ¶¶ 13, 29.) On June 5, 2007, Plaintiff filed this action seeking monetary and injunctive relief for alleged race discrimination and retaliation against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., Connecticut General Statues §§ 31-51m, 31-51q, 46a-60, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and tortious interference with contract. As to the State Defendants, Plaintiff alleges only tortious interference with contract and appears to only request monetary damages. The State Defendants have moved to dismiss on the grounds that the Eleventh Amendment bars Plaintiff's claims against them and that the Court lacks independent and supplemental jurisdiction over Plaintiff's state law claim against the State Defendants.

## II. STANDARD OF REVIEW

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. See Fed. R. Civ. P. 12(b)(1); accord Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). Plaintiff, as the party asserting subject matter jurisdiction, has the burden of establishing by a preponderance of the evidence that it exists, id. at 638, and the Court should not draw

2

argumentative inferences in its favor. Atl. Mut. Ins. Co. v. Balfour MacLaine Int'l, 968 F.2d 196, 198 (2d Cir. 1992). Unlike with a Rule 12(b)(6) motion, a court resolving a Rule 12(b)(1) motion for lack of subject matter jurisdiction may refer to evidence outside the pleadings. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)); see also Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (in resolving a Rule 12(b)(1) motion, district courts may "resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing"). A court must "look to the substance of the allegations to determine jurisdiction." Cargill Int'l S.A. v. M/T Pavel Dybenko, 991 F.2d 1012, 1019 (2d Cir. 1993).

The function of a motion to dismiss pursuant to Rule 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (citation omitted). Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true, draw inferences therefrom in the light most favorable to the plaintiff, and construe the complaint liberally. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. In ruling

3

on a motion under Rule 12(b)(6), the Court may consider only the allegations made in the complaint, documents attached to the complaint, documents incorporated into the complaint by reference, and any facts of which judicial notice may be taken.  See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996); Brass v. Am. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

Where, as here, a party moves to dismiss pursuant to Rule 12(b)(1) in addition to other bases, "the court should consider the Rule (12)(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." Rhulen Agency, Inc. V. Alabama Ins. Guaranty Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

## III.  DISCUSSION

The State Defendants first move to dismiss all claims against them on the ground that the Eleventh Amendment bars damages against the State Defendants.  The Eleventh Amendment to the United States Constitution prohibits a party from suing a state for monetary relief in federal court.  Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S. Ct. 1347 (1974); Minotti v. Lensink, 798 F.2d 607, 609 (2d Cir. 1986).  "[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Edelman, 415 U.S. at 663, 94 S. Ct. 1347 (quoting Ford Motor Co. v. Dep't of Treas., 323 U.S. 459, 464, 65 S. Ct. 347 (1945)).  Thus a suit by a private party seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment. Id. (internal citations omitted).  It is also well-settled that suits against state officials in their

4

official capacities must be treated as suits against the state. Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099 (1985). Thus, any immunities available to the state, including immunity from the suit pursuant to the Eleventh Amendment, are available to a defendant state official sued in his or her official capacity in an action for damages. Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358 (1991); Kentucky, 473 U.S. at 167; K&A Radiologic Tech. Servs., Inc. v. Comm'r of the Dep't of Health, 189 F.3d 273, 278 (2d Cir. 1999) ("States—and state officers, sued in their official capacities for retrospective relief—are immunized by the Eleventh Amendment from suits brought by private citizens in federal court....").

Defendant DCF, which was established pursuant to Connecticut General Statute § 17a-2, is a state agency and is therefore entitled to Eleventh Amendment immunity from all claims brought by Plaintiff. See Carroll v. Ragaglia, 292 F. Supp. 2d 324, 342 (D. Conn. 2003), aff'd in part, rev'd in part on other grounds, 109 Fed. App'x 459 (2d Cir. 2004). Any immunities available to the state are also available to the three DCF employees sued in their official capacities. See K&A Radiolog Tech., 189 F.3d at 278. Plaintiff has not alleged that Congress abrogated Connecticut's sovereign immunity as to the claims against the State Defendants in this case, and Connecticut has not consented to be sued by Plaintiff. See McGinty v. State of New York, 251 F.3d 84, 91 (2d Cir. 2001) (exceptions to Eleventh Amendment immunity exist "when Congress authorizes such a suit through enforcement of § 5 of the Fourteenth Amendment, and where a state consents to be sued." (citing College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 627, 670, 118 S. Ct. 2219 (1999))). Accordingly, the Eleventh Amendment bars Plaintiff's claim against the State Defendants, which must be dismissed for lack of subject matter jurisdiction.

The State Defendants also move to dismiss the claims against them pursuant to Rule 12(b)(6) because Plaintiff has failed to allege facts sufficient to state a federal claim and therefore the Court lacks supplemental jurisdiction as to Plaintiff's state law claim. Because the Eleventh Amendment bars all of Plaintiff's claims against the State Defendants, there is no need for the Court to consider whether Plaintiff stated a discrimination claim against the State Defendants or whether it should exercise supplemental jurisdiction over the state law claim.

## IV.     CONCLUSION

For the reasons stated above, the State Defendants' Motion to Dismiss [Doc. No. 5] is **granted.** All claims against Defendants DCF, Remmele, LeHane, and Trasente are hereby dismissed with prejudice.

SO ORDERED.

Dated at New Haven, Connecticut, this  24th  day of October, 2007.

                                                                /s/
                                                    Peter C. Dorsey, U.S. District Judge
                                                    United States District Court